UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR18-016 TSZ |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| 1. CLYDE McKNIGHT, a.k.a. "Pizza," 2. MICHAEL TURNER, a.ka. "EZ," 3. PATRICK TABLES, a.k.a. "Break Bread," 4. JONATHAN RUSHING, 5. MARVIN TRAYLOR, | |
| Defendants. | |

This matter comes before the Court on the Stipulated Motion, docket no. 50, for a Protective Order regarding discovery materials, as permitted by Fed. R. Crim. P. 16(d). Having considered the record and files herein, the Court finds there is good cause to grant the stipulated motion, and hence:

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

IT IS HEREBY ORDERED that the discovery materials discussed in the Motion for the Protective Order and referred to therein as "Protected Material," marked specially as "Produced Subject to a Protective Order," may be produced to counsel for the defendants in this case.

IT IS FURTHER ORDERED that possession of Protected Material is limited to the attorneys of record in this case and their staff, and to any investigators, expert witnesses, and other agents the attorneys of record retain in connection with this case. The attorneys of record, and their investigators, expert witnesses, and other agents may review Protected Material with the defendants. The defendants may inspect and review Protected Material, but shall not be allowed to possess, photograph, or record Protected Material or otherwise retain Protected Material or copies thereof.

IT IS FURTHER ORDERED that defense counsel shall not provide Protected Material or copies thereof to any other person outside his or her law office, including the defendants or their family or associates. Protected Material shall not be sent to the Federal Detention Center. Defendants who are residing at the Federal Detention Center (FDC) will be permitted to review the Protected Material, consistent with the regulations established by the BOP, with their respective counsel in a controlled environment at the Federal Detention Center (FDC), but will be prohibited from printing out, copying, or disseminating the discovery.

IT IS HEREBY FURTHER ORDERED that the defendant, defense counsel, and others to whom disclosure of the content of the Protected Material may be necessary to assist with the preparation of the defense, shall not disclose the Protected Material or its contents, other than as necessary for the preparation of defenses at trial and in subsequent appellate proceedings, if necessary. Specifically, the attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendants and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the Defendants and other persons. This order does not limit

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the government's discovery obligations.

Nothing in this Protective Order prohibits defense counsel from showing the Protected Material, or reviewing its contents, with the defendant or with others to whom disclosure may be necessary to assist with the preparation of the defense at trial and in subsequent appellate proceedings, if necessary.

IT IS FURTHER ORDERED that if counsel for any party finds it necessary to file any documents marked as Protected Material, the material shall be filed under seal with the Court.

Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

Nothing in this order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

U.S. v. McKnight, *et al.* / CR18-016 TSZ
Protective Order - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS FURTHER ORDERED that at the conclusion of the case, the Protected Material shall be returned to the United States, or destroyed, or otherwise stored in a manner to ensure that it is not subsequently duplicated or disseminated in violation of this Protective Order.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this 4th day of April, 2018.


Thomas S. Zilly
United States District Judge


Presented by:

_s/ S. Kate Vaughan_
S. KATE VAUGHAN
VINCENT T. LOMBARDI
Assistant United States Attorneys

U.S. v. McKnight, *et al.* / CR18-016 TSZ
Protective Order - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970