UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLYDE McKNIGHT, and
JONATHAN RUSHING,

    Defendants.

CR18-16 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Clyde McKnight's motion to seal, docket no. 226, is GRANTED, and the exhibits filed by McKnight, docket no. 228, shall remain under seal.

(2) Defendant Clyde McKnight's "Motion to Re-Open *Franks* Hearing on Suppression Motion," docket no. 227, which is treated as a motion for reconsideration, is DENIED. In his continuing effort to challenge the validity of a tracking warrant obtained in November 2017, as well as subsequent related warrants, McKnight denies engaging in a drug transaction on September 19 or 20, 2017. *See* McKnight Decl. (docket no. 228-1). This issue was fully explored at the *Franks* hearing on February 20, 2019. In his affidavit in support of the tracking warrant, United States Drug Enforcement Administration Special Agent Kevin Palermo indicated that, in mid to late September 2017, investigators observed McKnight conduct "a suspected hand to hand transaction of narcotics" with an individual who later signed up as a confidential source ("CS-1"). *See* Ex. A to Def.'s Mot. to Suppress (docket no. 129-2). McKnight again attempts to impeach Special Agent Palermo by pointing out that the written reports of Seattle Police Detectives Stephen Knapp and Aaron McAuley, who conducted the surveillance at issue, do not explicitly mention a "hand to hand" transaction between McKnight and CS-1. The Court has already rejected this argument. *See* Order at 24 n.7 (docket no. 173). During the *Franks* hearing, Special Agent Palermo explained on both direct and cross-examination that he sought clarification from Detectives Knapp and/or McAuley about their observations

MINUTE ORDER - 1

through in-person or telephonic conversations, and that his own hand-written notes are consistent with the information obtained in such manner.[1] *See* Tr. at 20:1-22:11, 119:8-10, 122:9-11, 125:2-16 (Feb. 20, 2019) (docket no. 220); *see also Franks* Hr'g Ex. B-18 at Bates No. 009490 (indicating that "SPD CS (NOT A C/S @ TIME) MAKES BUY FROM MCKNIGHT - SPD OBSERVED DEAL"). McKnight's self-serving declaration does not cast any doubt on the veracity of Special Agent Palermo, particularly in light of his failure to offer such testimony prior to or during the *Franks* hearing, when it could have been tested through the crucible of cross-examination. McKnight has made no offer of proof that either Detective Knapp or Detective McAuley would, if called as a witness, contradict Special Agent Palermo's testimony. Indeed, the detectives are unlikely to do so given CS-1's admission to them, when asked about the specific evening on which they saw him with McKnight, that he bought narcotics from McKnight. *See Franks* Hr'g Ex. B-2 at Bates No. 004034. Detective Knapp's detailed notes about the interview of CS-1, and the statements attributed to CS-1, corroborate the representations made by Special Agent Palermo in the November 2017 tracking warrant affidavit concerning the observed "hand to hand" transaction. McKnight has shown no reason for the Court to revisit its ruling on his motion to suppress.

      (3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 28th day of June, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[1] On cross-examination, in response to a suggestion that his notes didn't "say anything about observing hand-to-hand deals," Special Agent Palermo replied, "Actually, it states, 'On 9/19/17, the SPD CS was observed with McKnight.' And then it says, 'SPD observed deal.'" Tr. 122:7-11 (Feb. 20, 2019) (docket no. 220). The Court later inquired whether the notation "SPD observed deal" was "based on a telephone conversation" he had, and Special Agent Palermo indicated, "It was some sort of conversation with the SPD detectives, yes." *Id.* at 125:11-16.

MINUTE ORDER - 2