UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

          Plaintiff,

  v.

CLYDE McKNIGHT,

          Defendant.

CR18-16 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion, docket no. 482, to seal his ex parte motion is GRANTED, and defendant's ex parte motion, docket no. 483, shall remain under seal.

(2) The Government's motion, docket no. 484, to seal certain materials is GRANTED, and the Government's surreply, docket no. 485, as well as the declaration of Stephen Knapp, docket nos. 485-1 & 485-2, shall remain under seal.

(3) Defendant's motion, docket no. 481, for a standing order directing the Clerk to provide defense counsel with certified copies of sealed pleadings, is GRANTED in part and DENIED in part, as follows. Defense counsel Gilbert H. Levy may request a portable document format ("PDF") version of materials filed under seal by or on behalf of defendant Clyde McKnight by emailing a list of the specific items requested, identified by docket number, to the case administrator at Michael_Williams@wawd.uscourts.gov. The case administrator shall generate PDFs of the documents at issue that bear the header automatically generated by the Case Management and Electronic Case Filling (CM/ECF) system, and email the PDFs to defense counsel. This procedure shall apply to materials previously filed and items to be filed in the future by defendant or on his behalf. This

MINUTE ORDER - 1

Minute Order does not entitle defendant to disclosure of documents filed under seal by the Government or other parties.  Defendant's request for certified copies is DENIED.

(4) Defendant's motion to compel discovery, docket no. 460, is DENIED. Defendant has narrowed his motion and now asks that the Government be required to (i) explain the delay in filing charges against CS1 stemming from his arrest on September 12, 2016; (ii) describe the investigation conducted with respect to the phone seized from CS1 on September 23, 2017; and (iii) disclose information about a series of text messages between Detective Knapp and another individual on September 19, 2017. See Reply at 5 (docket no. 473).  With respect to the first item, defendant suggests that, because CS1 was not prosecuted in connection with the controlled substances found in his possession on September 12, 2016, he must have been acting as a confidential informant before he was allegedly observed in a hand-to-hand transaction with defendant in mid-to-late September 2017.  The Government, however, has indicated that CS1 did not become a confidential source until October 3, 2017, at which time he indicated that he had not previously served as a confidential informant with any other law enforcement agency, and defendant has offered no reason to doubt the Government's veracity.  As to the second topic on which defendant seeks information, the Government addressed in its surreply how the phone seized from CS1 on September 23, 2017, was handled.  Thus, defendant has received all discovery to which he is entitled on the subject.  With regard to the third matter, the Government has provided a declaration from Detective Knapp stating that the text messages at issue were with someone other than CS1 and were unrelated to the investigation in this case.  See Knapp Decl. at ¶ 14 (docket no. 485-1).

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 1st day of June, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2