UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CLYDE McKNIGHT,<br><br>　　　　　　　Defendant. | CR18-16 TSZ<br><br>MINUTE ORDER |

　　　　A telephonic conference was conducted on July 21, 2020, in which Assistant United States Attorney Vincent Lombardi appeared on behalf of the Government, and Gilbert Levy and Emily Beschen appeared on behalf of defendant Clyde McKnight.[1] The Court, being fully advised, now enters the following Minute Order:

　　　　(1)　　On or before August 14, 2020, the Government shall file declarations from Seattle Police Detectives Simon Edison, Stephen Knapp, and Aaron McAuley addressing the following issues: (a) whether they observed defendant Clyde McKnight engage in a hand-to-hand transaction with Confidential Source 1 ("CS-1") on September 19 or 20, 2017; (b) whether they had a conversation with United States Drug Enforcement Administration ("DEA") Special Agent Kevin Palermo about any observation of a hand-to-hand transaction before Agent Palermo prepared the affidavit dated November 1, 2017, in support of an application for a tracking warrant; and (c) whether they included any observation of a hand-to-hand transaction in a written report and, if not, why not. If any report by one or more of these detectives references a hand-to-hand transaction between defendant and CS-1, a copy of the report shall be attached to the declaration of the individual authoring the report.

---

[1] The Court having previously determined that defendant's presence was not required, defendant did not participate in the telephonic conference. *See* Minute Order at ¶ 4 (docket no. 508).

MINUTE ORDER - 1

(2) On or before August 14, 2020, the Government shall file a declaration indicating (i) whether Detective Knapp and/or McAuley will be called to testify at trial, or (ii) that the Government is unprepared to make a final decision about whether to call one or more of these detectives as a witness. If Detective Knapp and/or McAuley will be a witness at trial or if the Government is unprepared on August 14, 2020, to make a final decision about whether to call one or more of these detectives as a witness, then the Government shall produce to defense counsel, by September 4, 2020, all text messages between CS-1 and each detective who will or might testify. Such text messages may be redacted to ensure the safety of CS-1 and others or to protect the confidentiality of pending criminal investigations. Except as provided in this paragraph, the Court DECLINES to order production of any text messages between CS-1 and other members of the "McKnight" task force.

(3) On or before July 28, 2020, the Government shall provide for the Court's *in camera* review all toll records currently in the Government's possession relating to CS-1's cell phone. The Court DEFERS ruling on whether any toll records relating to CS-1's cell phone must be produced to the defense.

(4) On or before August 14, 2020, the Government shall file a declaration from an individual authorized to speak on behalf of CS-1's cell phone carrier or service provider (T-Mobile) concerning: (i) the company's retention policy for location data, and (ii) whether location data is still available for CS-1's cell phone for the period of September 19-20, 2017.

(5) The Government is not required to produce (a) any drafts of the affidavits submitted in connection with warrant applications in this matter by DEA Special Agent Palermo; or (b) any reports concerning other investigations in which Detective Edison was involved on September 19 and 20, 2017.

(6) On or before August 14, 2020, the Government shall file a status report indicating whether the Combined DNA Index System ("CODIS") contains contributions from any of the following individuals: Tyisha Barrett, Janet Dodd, Meiko Drew, and/or Janee Weathersby. Such status report may be filed under seal, provided that defense counsel is served a copy via email; defense counsel shall treat the status report as confidential and shall not disclose it to defendant or anyone else. The Court DEFERS ruling on defendant's request to compel a search of CODIS with respect to samples recovered from the firearms at issue.

(7) The Court declines at this time to require the Federal Detention Center in SeaTac ("FDC-SeaTac") to permit defendant to view the pole camera video at issue in a manner that would be incompatible with pandemic protocols. FDC-SeaTac may impose restrictions on the frequency and/or quantity of time that its WebEx facilities are used by defendant to communicate with counsel.

MINUTE ORDER - 2

(8)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 21st day of July, 2020.

           William M. McCool
           Clerk

           s/Karen Dews
           Deputy Clerk

MINUTE ORDER - 3