UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>CLYDE McKNIGHT,<br><br>                    Defendant. | CR18-16 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Defendant's motion, docket no. 520, to reopen the *Franks* hearing, is DENIED.  The Court has previously denied a motion to reopen the *Franks* hearing.  *See* Minute Order at ¶ 2 (docket no. 231).  The Government has interpreted the current motion as seeking reconsideration and has not filed a response.  In defendant's renewed motion to reopen the *Franks* hearing, he again attempts to undermine the credibility of United States Drug Enforcement Administration Special Agent Kevin Palermo.  In November 2017, Agent Palermo indicated, in an affidavit in support of an application for a tracking warrant, that investigators observed defendant conduct "a suspected hand to hand transaction of narcotics" with an individual who later became a confidential source ("CS-1").  *See* Palermo Aff. at ¶ 23, Ex. A to Def.'s Mot. to Suppress (docket no. 129-2).  On two prior occasions, the Court rejected defendant's attack on the veracity of this statement.  *See* Order at 24 n.7 (docket no. 173); Minute Order at ¶ 2 (docket no. 231).  The Court has since directed the Government to file declarations by the investigators, namely Seattle Police Detectives Simon Edison, Stephen Knapp, and Aaron McAuley, concerning what was observed on the day at issue, September 19 or 20, 2017, and what was later communicated to Agent Palermo.  *See* Minute Order at ¶ 1 (docket no. 516).  In his declaration, Detective Edison states that he saw defendant "holding court" in the Pioneer Square area and engage in hand-to-hand transactions with various individuals, but does not recall seeing defendant conduct a transaction specifically with CS-1; he conveyed his observations to Detectives Knapp and McAuley, but did not speak with Agent Palermo while the affidavit at issue was being prepared.  Edison Decl. at ¶¶ 4-7

1   (docket no. 566).  Detectives Knapp and McAuley have no independent recollection about the events of September 19 and 20, 2017, and their written reports made no
2   mention of a hand-to-hand transaction between defendant and CS-1.  *See* Knapp Decl. at ¶¶ 7-8 (docket no. 567); McAuley Decl. at ¶ 6 (docket no. 565).  Detective Knapp,
3   however, recalls reviewing Agent Palermo's tracking warrant affidavit, and avers that nothing in the affidavit struck him as inaccurate or inconsistent with the surveillance
4   observations.  Knapp Decl. at ¶ 10.  With respect to Agent Palermo's testimony that the detectives orally clarified they had seen defendant engage in hand-to-hand transactions,
5   including a deal with CS-1, *see* Order at 24 & n.7 (docket no. 173); Minute Order at 2 n.1 (docket no. 231), the detectives indicate that they have no memory of what they told
6   Agent Palermo, but they "certainly believe . . . [as] true," Knapp Decl. at ¶ 9, or "have absolutely no reason to doubt," McAuley Decl. at ¶ 7, Agent Palermo's account of their
7   conversations.  The detectives' declarations demonstrate that reopening the *Franks* hearing for the purpose of requiring Detectives Edison, Knapp, and/or McAuley to testify
8   would not generate any evidence that Agent Palermo's affidavit was either deliberately false or crafted with a reckless disregard for the truth.  *See Franks v. Delaware*, 438 U.S.
9   154, 171 (1978).  Defendant's arguments to the contrary lack merit.[1]

10      (2)   Defendant's motion, docket no. 518, is STRICKEN in part as moot with respect to his request to produce CS-1 to testify at a *Franks* hearing, and DENIED in part

---

[1] Defendant contends that the failure to mention, in the written report, a hand-to-hand transaction involving CS-1 could not have plausibly been an oversight, but is instead evidence that the event never happened.  Defendant suggests that, because Detective Edison had arrested CS-1 in 2016, investigators must have acted on a tip when, in September 2017, they positioned themselves to observe defendant in the presence of CS-1, and that, because they were not at the scene by mere coincidence and took photographs that have since been destroyed, the omission of any hand-to-hand from the report means it did not occur.  Defendant's analysis ignores the possibility that, at the time, the investigators thought the transaction was of so little significance that they neglected to make note of it.  As Detective Knapp explained in his declaration, he and his colleagues "were not trying to build a case against McKnight for some low-level drug transaction or for drug traffic loitering," Knapp Decl. at ¶ 8 (docket no. 567), and defendant is no longer charged in this matter with distribution of a controlled substance, *see* Minute Order (docket no. 379) (dismissing Count 2 of the Third Superseding Indictment).  Similarly, defendant's assertion that Agent Palermo must have fabricated the hand-to-hand transaction because he had been involved in the case since September 1, 2017, and must have known about the events of September 19 and/or 20, 2017, improperly assumes the premise that defendant is attempting to prove, namely that the hand-to-hand transaction did not transpire.  These fallacies in logic do not support reopening the *Franks* hearing.  Defendant refers to Detective Knapp's erroneous statement, in May 2020, that no law enforcement personnel examined CS-1's cell phone after CS-1's arrest in September 2017, *see* Knapp Decl. at ¶ 6 (docket no. 467-2), but this misrepresentation, which was made long after the affidavit at issue, cannot be imputed to Agent Palermo.  Defendant also renews his attacks on CS-1's credibility, but nothing presented in his motion for reconsideration shows that Agent Palermo deliberately or recklessly omitted any known, material facts about CS-1.  *See* Order at 16-18 (docket no. 173).

MINUTE ORDER - 2

with regard to his demand to require the Government to produce CS-1 as a witness at trial. The Court makes no ruling concerning whether defendant may seek a subpoena for CS-1 pursuant to Federal Rule of Criminal Procedure 17(b).

  (3) The Government's motion, docket no. 531, to admit summary charts, is GRANTED provided that a proper foundation is laid. *See* Fed. R. Evid. 1006; *see also United States v. Aubrey*, 800 F.3d 1115, 1130-31 (9th Cir. 2015); *United States v. Shirley*, 884 F.2d 1130, 1133 (9th Cir. 1989).

  (4) The other motions pending in this matter will be addressed separately.

  (5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of August, 2020.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 3