UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>     v.<br><br>CLYDE McKNIGHT,<br><br>                              Defendant. | CR18-16 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Defendant's motion, docket no. 527, to preclude evidence regarding his prior convictions is GRANTED in part and DENIED in part, as follows:

  (a)     With regard to evidence concerning defendant's conviction for attempted first degree murder,[1] defendant's motion is GRANTED, and such evidence shall not be offered at trial by the Government for any purpose without advance approval of the Court.  Defendant is ADVISED, however, that, if he chooses to testify and "opens the door" to such evidence, the Government might be permitted to introduce such evidence for purposes of impeachment.

  (b)     With regard to evidence concerning defendant's 2016 conviction for violation of the Uniform Controlled Substance Act ("VUCSA"), defendant's motion is DENIED.  Citing *Old Chief v. United States*, 519 U.S. 172 (1997), defendant contends that, if he stipulates, for purposes of the pending felon-in-

---

[1] In 1993, defendant was convicted of both attempted first degree murder and violation of the Uniform Firearms Act ("VUFA").  Defendant's motion mentions only the former and not the latter offense, although both convictions are alleged as predicates for the felon-in-possession-of-firearm charges in this matter.  *See* Counts 13 and 14 of Third Superseding Indictment (docket no. 290).  The Government has indicated that it does not intend to seek admission of defendant's attempted first degree murder conviction, *see* Resp. at 2 n.1 (docket no. 539), but it has said nothing about the VUFA conviction.  The Court sua sponte ORDERS that evidence relating to defendant's VUFA conviction shall not be offered at trial during the Government's case-in-chief.

MINUTE ORDER - 1

possession-firearm charges, that he was previously convicted of a crime punishable by imprisonment for more than one year, then the Government should be barred from introducing at trial the underlying facts giving rise to his earlier conviction.  Defendant, however, is also charged with conspiracy to distribute controlled substances, possession of controlled substances with intent to distribute, and carrying a firearm during and in relation to a drug trafficking crime.  *See* Counts 1, 8, & 15 of Third Superseding Indictment (docket no. 290).  As to those counts, defendant's prior VUCSA conviction is admissible for two reasons:  (i) as substantive evidence of conduct "inextricably intertwined" with the charged crimes, *see United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987); and (ii) as evidence offered for a purpose set forth in Federal Rule of Evidence 404(b)(2), *see United States v. Curtin*, 489 F.3d 935, 944-45 (9th Cir. 2007) (en banc).  The events in 2015 relating to the previous VUCSA offense occurred during a period, namely 2013-2018, when defendant is alleged to have been part of a conspiracy to distribute controlled substances.  The 2016 conviction is also relevant to defendant's intent in possessing the drugs at issue in this matter.  *See United States v. Lopez*, 743 Fed. App'x 831, 834 (9th Cir. 2018); *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005); *see also United States v. Davis*, 687 Fed. App'x 634, 636 (9th Cir. 2017); *United States v. Kalac*, 655 Fed. App'x 559 (9th Cir. 2016).  The Court concludes that the probative value of the evidence about the VUCSA conviction is not substantially outweighed by the dangers of unfair prejudice, confusing or misleading the jury, unduly delaying matters, or wasting time.  *See* Fed. R. Evid. 403.  Because defendant is accused of being a felon in possession of a firearm, the existence of the 2016 conviction is admissible as an element of the crime charged, and any potential for unfair prejudice associated with disclosing to the jury the nature of the prior offense can be addressed through an appropriate limiting instruction.  *See Davis*, 687 Fed. App'x at 636; *Kalac*, 655 Fed. App'x at 561.

(2)   The Government's motion, docket no. 530, for admission of prior acts evidence, is GRANTED in part and DENIED in part, as follows:

   (a)   With regard to evidence concerning defendant's 2016 VUCSA conviction, the Government's motion is GRANTED for the reasons set forth in Paragraph 1(b), above.

   (b)   The Government's motion is otherwise DENIED.  Evidence of co-defendant Patrick Tables's conduct on February 3, 2017, and June 4, 2017, does not satisfy the standard set forth in Rule 404(b)(2) for the admissibility of crimes, wrongs, or other acts.

(3)   Defendant's motion, docket no. 519, for severance or bifurcation of counts, is DENIED.  Defendant seeks to have Counts 13 and 14 (felon in possession of firearm) severed or bifurcated from the remaining charges for trial.  He has not asked for Count 15 (carrying a firearm during and in relation to a drug trafficking crime) to be severed or

MINUTE ORDER - 2

bifurcated, and any such request would be unsuccessful because the evidence relating to Counts 1 and 8 (conspiracy and possession with intent to deliver controlled substances) is also necessary to prove Count 15.  Counts 14 and 15 involve the same firearm, and defendant is essentially attempting to force the Government to present the same case two different times.  Because evidence about defendant's prior VUCSA conviction would be admissible with respect to Counts 1 and 8, even if Counts 13 and 14 were separated for trial, neither severance nor bifurcation is warranted.  *See* *United States v. Atofau*, 2018 WL 2184287 at *3 (W.D. Wash. May 11, 2018); *see also* *United States v. Prigge*, 830 F.3d 1094, 1098 (9th Cir. 2016) ("Joinder is not prejudicial where 'all of the evidence of the separate count would [still] be admissible upon severance.'" (alteration in original)).

(4)     Defendant's motion, docket no. 529, to suppress evidence found in Target Vehicle 7 ("TV-7"), a black 2013 Chrysler 300, is DENIED.  In December 2017, after a certified K9 team (Task Force Officer Matt Bruch and K9 "Lilly") detected the odor of narcotics emanating from TV-7,[2] a tracking warrant was issued for the vehicle.  *See* Order at 5 (docket no. 173).  On January 2, 2018, after defendant was seen accessing the trunk of the TV-7 in a manner consistent with its use as a mobile stash of controlled substances, the car was removed from the street and taken to a secure Seattle Police Department lot.  *See id.* at 6.  Defendant contends that the impoundment of TV-7 constituted an unlawful warrantless seizure.  The Court has already rejected this notion. *See id.* at 23-24.  As explained earlier, the existence of probable cause justifies a warrantless seizure of an automobile from a public street, even if the car was legally parked, and without a separate showing of exigent circumstances.  *Id.* (citing *United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985)).  Moreover, although the seizure of TV-7 was accomplished without a warrant, the search of the vehicle was not conducted until after a warrant was obtained.  *Id.* at 23 n.6.  The arguments made in defendant's renewed motion do not show any manifest error in the Court's prior ruling or cite to any new facts or legal authority that might have altered the Court's analysis, even if they had been brought to the Court's attention in a timely fashion.  *See* Local CrR 12(b)(13)(A).

(5)     The other motions pending in this matter will be addressed separately.

---

[2] Defendant's assertion that no record exists of a K9 sniff relating to TV-7 is unsupported by the evidence.  Indeed, defendant has himself submitted a report by United States Drug Enforcement Administration Special Agent Geoffrey Provenzale indicating that, on December 13, 2017, K9 "Lilly" gave "a positive indication for the presence of narcotics odor at the driver door seam" of the black Chrysler 300 registered to defendant.  *See* Ex. H to Def.'s Mot. (docket no. 529-8).  During the *Franks* hearing, Agent Provenzale testified that he was present when K9 "Lilly" performed the sniff described in his report, and that no information has since come to light that would contradict his understanding or cause him to doubt that the Bruch/Lilly K9 team was certified at the time of the sniff.  Tr. (Feb. 20, 2019) at 132:17-133:13 (docket no. 220).  In light of Agent Provenzale's written report, no further documentation was needed, and defendant's suggestion that Officer Bruch's failure to also complete a K-9 Activity Record means the sniff of TV-7 never happened has no merit.

MINUTE ORDER - 3

(6)　The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 24th day of August, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk
