UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLYDE McKNIGHT,

Defendant.

CR18-16 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Any objections to the Court's draft set of jury instructions,[1] which are attached to this Minute Order, shall be filed on or before May 3, 2021.

(2)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of April, 2021.

William M. McCool
Clerk

s/Gail Glass
Deputy Clerk

---

[1] The sources and notes, which appear in red, bolded text, will be deleted before the final version is distributed to jurors.  The Court has not included in the packet the following instructions proposed by the parties:  (i) Government's Requested Instruction No. 35 (docket no. 583 at 45); (ii) Defendant's Proposed Jury Instruction No. 1 (docket no. 596 at 3); and (iii) Defendant's Proposed Instruction No. 11 (docket no. 596 at 13).

MINUTE ORDER - 1

DISCUSSION DRAFT

20 APRIL 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLYDE McKNIGHT,

Defendant.

CR18-16 TSZ

COURT'S JURY INSTRUCTIONS

Dated this ___ day of May, 2021.

_____
Thomas S. Zilly
United States District Judge

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.

Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

**SOURCE:  9th Cir. Model 3.1; Gov't Prop. No. 14**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 2

The Indictment is not evidence.  The defendant has pleaded not guilty to each charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence, the government has the burden of proving every element of a charge beyond a reasonable doubt.

**SOURCE:  9th Cir. Model 3.2; Gov't Prop. No. 15**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 3

You are here only to determine whether the defendant is guilty or not guilty of the crimes charged in the Indictment.  Your determination must be made only from the evidence in the case.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

**SOURCE:  9th Cir. Model 3.10; Gov't Prop. No. 23; Def. Prop. No. 2**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**SOURCE:  9th Cir. Model 3.5; Gov't Prop. No. 18; Def. Prop. No. 3**

COURT'S JURY INSTRUCTIONS

1          INSTRUCTION NO. 5

2

3          The evidence from which you are to decide what the facts are consists of:

4          (1)     the sworn testimony of any witness;

5          (2)     the exhibits which have been received into evidence; and

6          (3)     any facts to which the lawyers have stipulated.

7     **SOURCE:  9th Cir. Model 3.6; Gov't Prop. No. 19**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and have said or will say at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the question, the objection, or the Court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits may have been received only for a limited purpose; if I have given a limiting instruction, you must follow it.

4.     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**SOURCE:  9th Cir. Model 3.7; Gov't Prop. No. 20**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**SOURCE:  9th Cir. Model 3.8; Gov't Prop. No. 21; Def. Prop. No. 9**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the witness's opportunity and ability to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 8 (Page 2)


However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.


**SOURCE:  9th Cir. Model 1.7 & 3.9; Gov't Prop. No. 22; Def. Prop. No. 7**

INSTRUCTION NO. 9

[OPTION A:]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**SOURCE:  9th Cir. Model 3.3; Gov't Prop. No. 16; Def. Prop. No. 6**

[OPTION B:]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**SOURCE:  9th Cir. Model 3.4; Gov't Prop. No. 17**

INSTRUCTION NO. 9A

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant might have made it.

**SOURCE:  9th Cir. Model 4.1; Gov't Prop. No. 26**

INSTRUCTION NO. 10

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

You have also heard testimony from persons who testified as to both facts and opinions and the reasons for their opinions.

Fact testimony is based on what the witness saw, heard, or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about a witness's opinion, this opinion testimony is allowed because of the education or experience of the witness.  Such opinion testimony should be judged like any other testimony.  You may accept all of it, or part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**SOURCE:  9th Cir. Model 4.15; Gov't Prop. Nos. 28 & 29; Def. Prop. No. 8**

INSTRUCTION NO. 11

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Certain other charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**SOURCE:  9th Cir. Model 4.16 & 4.17; Gov't Prop. Nos. 30 & 31**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 12

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

The defendant is charged in only Counts 1, 8, 13–30, and 32–34 of the Indictment.

**SOURCE:  9th Cir. Model 3.11; Gov't Prop. No. 24; Def. Prop. No. 4**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 13

The Indictment charges that the offenses alleged were committed "on or about" a certain date or dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date or dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date or dates charged.

**SOURCE:  9th Cir. Model 3.18; Gov't Prop. No. 25**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 14

The defendant is charged in Count 1 of the Indictment with conspiracy to distribute a controlled substance or substances in violation of Section 841(a) and Section 846 of Title 21 of the United States Code.  A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.  In order for the defendant to be found guilty of conspiracy to distribute a controlled substance or substances, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on an unknown date and ending on or about February 13, 2018, there was an agreement between two or more persons to distribute one or more of the following, which are controlled substances under federal law:  (a) cocaine base in the form of crack cocaine ("crack cocaine"), (b) cocaine, (c) heroin, (d) methamphetamine, and/or (e) fentanyl; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of the controlled substance at issue to another person, with or without any financial interest in that transaction.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough,

COURT'S JURY INSTRUCTIONS

1

INSTRUCTION NO. 14 (page 2)

2

3   however, that they simply met, discussed matters of common interest, acted in similar

4   ways, or perhaps helped one another.  You must find that there was a plan to commit at

5   least one of the crimes alleged in the Indictment as an object or purpose of the conspiracy

6   with all of you agreeing as to the particular crime which the conspirators agreed to

7   commit.  In other words, you must all agree on which, if any, controlled substance or

8   substances were the subject of any conspiracy, namely (a) crack cocaine, (b) cocaine,

9   (c) heroin, (d) methamphetamine, and/or (e) fentanyl.

10          One becomes a member of a conspiracy by willfully participating in the unlawful

11   plan with the intent to advance or further some object or purpose of the conspiracy, even

12   though the person does not have full knowledge of all the details of the conspiracy.

13   Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the

14   originators.  On the other hand, one who has no knowledge of a conspiracy, but happens

15   to act in a way which furthers some object or purpose of the conspiracy, does not thereby

16   become a conspirator.  Similarly, a person does not become a conspirator merely by

17   associating with one or more persons who are conspirators, nor merely by knowing that a

18   conspiracy exists.

19   **SOURCE:  9th Cir. Model 9.19; Gov't Prop. Nos. 32 & 41 (citing 21 U.S.C. §§ 812 &
     841); Def. Prop. No. 12**

20

21

22

23

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 14A

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though the defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**SOURCE:  9th Cir. Model 8.23; Gov't Prop. No. 33**

COURT'S JURY INSTRUCTIONS

[[ INSTRUCTION NO. 14B

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of conspiracy to distribute controlled substances as charged in Count 1 of the Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, ***a person named in Count 1*** of the Indictment committed the crime of distribution of controlled substances as alleged in that count;

Second, the person was a member of the conspiracy charged in Count 1 of the Indictment;

Third, the person committed the crime of distribution of controlled substances in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Count 1 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement. ]]

**SOURCE:  9th Cir. Model 8.25; Gov't Prop. No. 34**
**NOTE:  Because no person other than Clyde McKnight is named in Count 1 of the Indictment (*see* emphasized text), the Court is not inclined to give this instruction.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION 14C


You must decide whether the conspiracy charged in the Indictment existed, and, if it did, who at least some of its members were.  Some of the people who might have been involved in these events are not on trial.  There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

If you find that the conspiracy charged did not exist, then you must return a "not guilty" verdict, even though you may find that some other conspiracy existed.  Similarly, if you find that the defendant was not a member of the charged conspiracy, then you must find the defendant not guilty, even though the defendant might have been a member of some other conspiracy.

**SOURCE:  9th Cir. Model 8.22; Gov't Prop. No. 37; modified to include first two sentences from Gov't Prop. No. 36 (citing 6th Cir. Model 3.06)**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 14D


If you find the defendant guilty of the charge in Count 1 of the Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of controlled substance involved equaled or exceeded a certain weight, as set forth in the table below.  A defendant who is a member of a conspiracy is responsible for (1) the total amount of controlled substance distributed or intended to be distributed by the defendant in furtherance of the conspiracy; and (2) the amount of controlled substance distributed or intended to be distributed by co-conspirators in furtherance of the conspiracy, if the defendant could reasonably foresee that amount to be a necessary or natural consequence of the unlawful agreement.  Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.  [[ The government does not have to prove that the defendant knew the quantity of the controlled substance or substances. ]]

|  | Weight |
|---|---|
| Crack cocaine | 280 grams |
| Cocaine | 500 grams |
| Heroin | 1 kilogram |
| Methamphetamine | 5 grams |
| Fentanyl | 40 grams |

**SOURCE:  9th Cir. Model 9.16; Gov't Prop. No. 48 (USSG § 1B1.3); Def. Prop. No. 19
NOTE:  The Court is inclined to delete the bracketed sentence as being inconsistent with the Government's proposed language at Lines 8-11.**

INSTRUCTION NO. 15

The defendant is charged in Count 8 of the Indictment with possession of one or more controlled substances with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about January 2, 2018, the defendant knowingly possessed a controlled substance, namely (a) crack cocaine, (b) cocaine, (c) heroin, (d) methamphetamine, and/or (e) fentanyl, with all of you agreeing on (a), (b), (c), (d), and/or (e); and

Second, the defendant possessed the controlled substance with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of the controlled substance.  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of the controlled substance.

It does not matter whether the defendant knew that the substance was crack cocaine, cocaine, heroin, methamphetamine, and/or fentanyl.  It is sufficient that the defendant knew that it was some kind of a controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of the controlled substance to another person, with or without any financial interest in the transaction.

**SOURCE:  9th Cir. Model 9.15; Gov't Prop. No. 38; Def. Prop. No. 14**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 15A


If you find the defendant guilty of the charge in Count 8 of the Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of controlled substance that the defendant intended to distribute equaled or exceeded a certain weight, as set forth in the table below.  Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.  The government does not have to prove that the defendant knew the quantity of the controlled substance or substances.

| | Weight |
|---|---|
| Crack cocaine | 280 grams |
| Cocaine | 500 grams |
| Heroin | 1 kilogram |
| Methamphetamine | 5 grams |
| Fentanyl | 40 grams |

**SOURCE:  9th Cir. Model 9.16; Gov't Prop. No. 48; Def. Prop. No. 19**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 16

The defendant is charged in Counts 13 and 14 of the Indictment with possession of a firearm in violation of Section 922(g)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about January 2–4, 2018, the defendant knowingly possessed a firearm, namely as to Count 13, a Glock Model 22 pistol, Serial No. FYH188, and as to Count 14, a Glock Model 27 pistol, Serial No. YMN286;

Second, the firearm had been shipped or transported from one state to another;

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, at the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

**SOURCE:  9th Cir. Model 8.65A; Gov't Prop. No. 42; Def. Prop. Nos. 15 & 16**

INSTRUCTION NO. 16A

**[Option A] (SOURCE: 9th Cir. Model 8.65A)**

With regard to the third and fourth elements of the crimes charged in Counts 13 and 14 of the Indictment, the defendant stipulates that, on or about January 2–4, 2018, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year and that, on or about such date, he knew of such prior conviction.

**[Option B] (SOURCE: 9th Cir. Model 4.3; Gov't Prop. No. 27)**

You have heard evidence that the defendant committed another crime not charged here. You may consider this evidence only for its bearing, if any, on the question of whether the government has proved the third and fourth elements of the crimes charged in Counts 13 and 14 of the Indictment, and for no other purpose. You may not consider this evidence as evidence of guilt of the crimes for which the defendant is now on trial, except as indicated in this instruction.

**[Option C] (SOURCE: 9th Cir. Model 4.6; Def. Prop. No. 10)**

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness or in determining whether the government has proved the third and fourth elements of the crimes charged in Counts 13 and 14 of the Indictment, and for no other purpose. You may not consider a prior conviction as evidence of guilt of the crimes for which the defendant is now on trial.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 17


The defendant is charged in Count 15 of the Indictment with carrying a firearm during and in relation to a drug trafficking crime in violation of Section 924(c) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, during a period on or before February 13, 2018, the defendant committed the crime of conspiracy to distribute a controlled substance or substances, as charged in Count 1 of the Indictment, which I instruct you is a drug trafficking crime; and

Second, the defendant knowingly carried a firearm, namely a Glock Model 27 pistol, Serial No. YMN286, during and in relation to that crime.

A defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed, or transported it in some manner on his person or in a vehicle.

A defendant carried a firearm "during and in relation to" a crime if the firearm facilitated or played a role in the crime.

**SOURCE:  9th Cir. Model 8.71; Gov't Prop. No. 43; Def. Prop. No. 17**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 18

The defendant is charged in Counts 16–30 of the Indictment with laundering money in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted a financial transaction involving property that represented the proceeds of a conspiracy to distribute a controlled substance or substances;

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, source, ownership, or control of the proceeds.

A financial transaction is a transaction involving the movement of funds by wire or other means that affects interstate commerce and/or the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that conspiracy to distribute a controlled substance or substances is a felony.

COURT'S JURY INSTRUCTIONS

1          INSTRUCTION NO. 18 (page 2)

2

3     The financial transactions alleged to constitute money laundering are as follows:

| Count | Date | Amount |
|-------|------|--------|
| 16 | January 3, 2018 | N/A |
| 17 | January 10, 2017 | $5,003.50 |
| 18 | May 30, 2017 | $9,003.50 |
| 19 | May 30, 2017 | $2,000.00 |
| 20 | July 22, 2017 | $12,000.00 |
| 21 | August 5, 2017 | $4,003.00 |
| 22 | August 7, 2017 | $4,508.50 |
| 23 | August 8, 2017 | $2,506.35 |
| 24 | August 8, 2017 | $7,504.00 |
| 25 | August 8, 2017 | $6,003.25 |
| 26 | September 25, 2017 | $4,000.75 |
| 27 | September 25, 2017 | $4004.75 |
| 28 | December 25, 2017 | $2,216.50 |
| 29 | December 25, 2017 | $2,507.75 |
| 30 | December 28, 2017 | $10,004.50 |

**SOURCE:  9th Cir. Model 8.147; Gov't Prop. No. 44; Def. Prop. No. 18**

**NOTE:  The Third Superseding Indictment specifies "conspiracy" as the predicate offense, not "drug trafficking crime" as proposed by the Government.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 18A


A casino is a "financial institution" if it is licensed by a state or operated by an Indian gaming operation and has annual revenue in excess of $1 million.

**SOURCE:  Gov't Prop. No. 45 (citing 18 U.S.C. § 1956(c)(6)(A) & 31 U.S.C. § 5312(a)(1)(X))**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 19

The defendant is charged in Counts 32–34 of the Indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from a conspiracy to distribute a controlled substance or substances; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" includes a business engaged in automobile sales.

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense.  The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense.  The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew

INSTRUCTION NO. 19 (page 2)

the property involved in the transaction represented the proceeds of a conspiracy to distribute a controlled substance or substances.

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

The monetary transactions alleged to constitute money laundering are as follows:

| Count | Date | Transaction |
|---|---|---|
| 32 | May 15, 2017 | payment of $30,000 for a 2014 Tesla Model S (VIN 5YJSA1H12EFP37993) |
| 33 | July 31, 2017 | payment of $25,000 for a 2014 BMW 6-series (VIN WBA6B4C58ED760385) |
| 34 | October 17, 2017 | payment of $29,780 for a 2014 Maserati Quattro sedan (VIN ZAM56PPA2E1072987) |

**SOURCE:  9th Cir. Model 8.150; Gov't Prop. No. 46 (citing 31 U.S.C. § 5312(a)(1)(T)); Def. Prop. No. 18**

**NOTE:  The Third Superseding Indictment specifies "conspiracy" as the predicate offense, not "drug trafficking crime" as proposed by the Government.**

INSTRUCTION NO. 20


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**SOURCE:  9th Cir. Model 5.7; Gov't Prop. No. 39**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 21

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

**SOURCE:  9th Cir. Model 3.15; Gov't Prop. No. 40; Def. Prop. No. 13**

INSTRUCTION NO. 22

A defendant may be found guilty of [specify crime charged], even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of [specify crime charged] by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed [specify crime charged];

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of [specify crime charged];

Third, the defendant acted with the intent to facilitate [specify crime charged]; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit [specify crime charged].

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].

INSTRUCTION NO. 22 (page 2)


The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**SOURCE:  9th Cir. Model 5.1; Gov't Prop. No. 47**

**NOTE:  The Court is not inclined to give this instruction.  In proposing the instruction, the Government has not specified a crime that defendant allegedly aided and abetted.  How defendant could "aid and abet" a conspiracy, possession with intent to distribute a controlled substance, being a felon in possession of a firearm, or carrying a firearm in relation to a drug trafficking crime is unclear.  Whether the evidence is anticipated to support an aiding and abetting theory with respect to the money laundering counts is also unclear.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 23

If you find that the government intentionally destroyed or failed to preserve certain evidence, namely photographs taken by Detective Simon Edison on September 20, 2017, and a cell phone seized on September 23, 2017, from an individual known as Confidential Source 1 ("CS-1"), which the government knew or should have known would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the government.

**SOURCE:  9th Cir. Model 4.19; Def. Prop. No. 20**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 24


The punishment provided by law for a crime is for the Court to decide.  You may not consider punishment in deciding whether the government has proved the guilt of the defendant beyond a reasonable doubt.

**SOURCE:  9th Cir. Model 7.4; Gov't Prop. No. 52**

INSTRUCTION NO. 25


Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**SOURCE:  9th Cir. Model 7.3; Gov't Prop. No. 51**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 26

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes,

INSTRUCTION NO. 26 (page 2)

attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**SOURCE:  9th Cir. Model 7.1; Gov't Prop. Nos. 49 & 53**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 27

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

INSTRUCTION NO. 27 (page 2)

could result that would require the entire trial process to start over.  If any juror is

exposed to any outside information, please notify the Court immediately.

**SOURCE:  9th Cir. Model 7.2; Gov't Prop. No. 50**

INSTRUCTION NO. 28

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone–including me–how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**SOURCE:  9th Cir. Model 7.6; Gov't Prop. No. 55**

INSTRUCTION NO. 29


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

**SOURCE:  9th Cir. Model 7.5; Gov't Prop. No. 54**

COURT'S JURY INSTRUCTIONS