UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLYDE McKNIGHT,<br><br>　　　　　Defendant. | CR18-16 TSZ<br><br>ORDER |

　　　Defendant's pro se motion, docket no. 759, is STRICKEN as inappropriately filed. To the extent that defendant wishes to challenge the conditions of his confinement, the proper venue for his grievances is the Central District of California, in which the Lompoc Federal Correctional Complex is located. See *Fiorito v. Entzel*, No. 5:17-cv-1894, 2017 WL 6372649 (C.D. Cal. Dec. 11, 2017) (Report and Recommendation), *adopted by* 2017 WL 6375306 (C.D. Cal. Dec. 12, 2017), *aff'd*, 829 F. App'x 192 (9th Cir. 2020). As explained in *Fiorito*, federal prisoners have two avenues for raising claims about their incarceration, namely petitioning pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus or commencing a civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and/or the Federal Tort Claims Act. See *Fiorito*, 2017 WL 6372649, at *2–4; *see also* *Reid v. United States*, 825 F. App'x 442 (9th Cir. 2020). Defendant's pro se motion does not constitute either a habeas petition or a complaint initiating a civil action, and even if it were treated as one or the other type of pleading, venue would not exist in this District. See *Hernandez v. Campbell*, 204 F.3d

ORDER - 1

861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); see also 28 U.S.C. § 1391(b) (defining venue for a civil action); cf. Fishman v. United States, No. CV 13-2677, 2014 WL 198527 (C.D. Cal. Jan. 14, 2014) (observing that a district court lacks habeas jurisdiction if a successful challenge to a prison condition would not necessarily shorten a prisoner's sentence, and declining to construe a habeas petition as a prisoner civil rights action, which is subject to different filing requirements (citing 28 U.S.C. §§ 1914(a) & 1915(b))).

To the extent that defendant contests the fine imposed by the Court at sentencing, see Judgment (docket no. 705) (imposing a fine of $36,000), the Court lacks jurisdiction to grant relief by virtue of defendant's pending appeal, concerning which defendant is represented by counsel. To the extent that defendant seeks to have the funds seized at the time of his arrest returned to him so that he may pay the fine, defendant's motion appears to be premature. See Resp. at 2 (docket no. 760) (indicating that the Government intends to file a motion to apply the seized funds to the fine).

The Clerk is directed to send a copy of this Order to all counsel of record and to defendant pro se.

IT IS SO ORDERED.

Dated this 2nd day of May, 2022.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge

ORDER - 2